March 26, 1993 United States Court of Appeals
United States Court of Appeals
for the First Circuit

No. 92-1584

DAVID J. McCULLOUGH AND WINIFRED M. McCULLOUGH,

Plaintiffs, Appellants,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR BANK OF NEW ENGLAND, N.A.,

Defendant, Appellee.

ERRATA SHEET

The opinion of this Court issued on March 12, 1993, is
amended as follows:

On cover sheet, insert "(now deceased)"
between "Judge Brown" and "heard oral
argument . . ."

On page 6, line 19, delete "supra note 4"

March 12, 1993
United States Court of Appeals
For the First Circuit

No. 92-1584

DAVID J. McCULLOUGH AND WINIFRED M. McCULLOUGH,

Plaintiffs, Appellants,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR BANK OF NEW ENGLAND, N.A.,

Defendant, Appellee.

APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Torruella, Circuit Judge,

Brown,* Senior Circuit Judge,

and Stahl, Circuit Judge.

William H. Sheehan, III with whom Pearl, McNiff, Crean, Cook &

Sheehan was on brief for appellants.

Michelle Kosse, Counsel, Federal Deposit Insurance Corporation,

with whom Ann S. DuRoss, Assistant General Counsel, Colleen B.

Bombardier, Senior Counsel, Daniel I. Small, and Widett, Slater &

Goldman, P.C. were on brief for appellee.

March 12, 1993

*Of the Fifth Circuit, sitting by designation. Judge Brown (now
deceased) heard oral argument in this matter, and participated in the
semble, but did not participate in the drafting or the issuance of the
panel's opinion. The remaining two panelists therefore issue this
opinion pursuant to 28 U.S.C. 46(d).

STAHL, Circuit Judge. In Langley v. Federal

Deposit Ins. Corp., 484 U.S. 86 (1987), the Supreme Court

ruled that 12 U.S.C. 1823(e)1 shields the Federal Deposit

Insurance Corporation ("FDIC") from essentially all claims of

misrepresentation relating to any asset acquired by it under

12 U.S.C. 1821 or 1823. This appeal requires us to decide

whether this rule should apply in situations where the

"misrepresentation" at issue actually is an unlawful failure

to disclose crucial information. Believing that the Langley

1. 12 U.S.C. 1823(e) provides:

No agreement which tends to diminish or defeat
the interest of the [FDIC] in any asset acquired by
it under this section or section 1821 of this
title, either as security for a loan or by purchase
or as receiver of any insured depository
institution, shall be valid against the [FDIC]
unless such agreement-

(1) is in writing
(1)

(2) was executed by the depository
(2)
institution and any person claiming an
adverse interest thereunder, including
the obligor, contemporaneously with the
acquisition of the asset by the
depository institution,

(3) was approved by the board of
(3)
directors of the depository institution
or its loan committee, which approval
shall be reflected in the minutes of said
board or committee, and

(4) has been, continuously, from the time
(4)
of its execution, an official record of
the depository institution.

-2-
2

rule does apply, we affirm the district court's order

dismissing the underlying complaint against the FDIC.

Plaintiffs-appellants David J. and Winifred M.

McCullough initiated this action by filing a complaint

seeking damages and an order enjoining defendant-appellee

FDIC from collecting on a promissory note made by plaintiffs

in favor of the FDIC's predecessor-in-interest, the Bank of

New England ("BNE"). The note was given in exchange for a

loan which plaintiffs used to purchase four units of an

industrial condominium project ("the project") in which BNE

had a significant interest because of loans made to the

original developer and a competing developer. Plaintiffs

contend, inter alia, that when BNE extended the loan, it

failed to disclose to them that the project was subject to a

Notice of Responsibility ("NOR"), previously issued by the

Massachusetts Department of Environmental Quality

Engineering. The NOR required the removal of certain

hazardous waste on the property.2 In plaintiffs' view, the

aforementioned omission constituted misrepresentation and a

violation of the Massachusetts Consumer Protection Act, Mass.

Gen. Laws Ann. ch. 93A, 2 and 11 (West 1984 & Supp. 1992).

2. In their complaint, plaintiffs also alleged that BNE made
affirmative misrepresentations at the time the loan agreement
was negotiated, but have since conceded that federal law
precludes them from proceeding on the basis of these
allegations. See generally Langley, 484 U.S. at 90-93.

-3-
3

The FDIC responded to plaintiffs' complaint by

filing a motion to dismiss. As the basis therefor, the FDIC

argued that the Langley rule applies as much to the non-

disclosure of information as to an affirmative

misrepresentation. After a hearing, the district court

agreed and issued a memorandum and order granting the FDIC's

motion. In so doing, the court joined an ever expanding

number of courts that have explicitly endorsed the FDIC's

argument. See Federal Deposit Ins. Corp. v. State Bank of

Virden, 893 F.2d 139, 144 (7th Cir. 1990); Federal Deposit

Ins. Corp. v. Bell, 892 F.2d 64, 66 (10th Cir. 1989), cert.

dismissed, 496 U.S. 913 (1990); In re NBW Commercial Paper

Litigation, No. 90-1755(RCL), 1992 WL 73135, at *11 (D.D.C.

March 11, 1992); Federal Deposit Ins. Corp. v. Hudson, 800 F.

Supp. 867, 870-71 (N.D. Cal. 1990); Federal Deposit Ins.

Corp. v. Sullivan, 744 F. Supp. 239, 242-43 (D. Colo. 1990).3

3. At the time the district court issued its memorandum and
order, one court had departed from existing authority and
decided that 1823(e) does not bar claims based upon an
unlawful omission. See Grant County Savings & Loan Assoc. v.

Resolution Trust Corp., 770 F. Supp. 1374, 1379-82 (E.D. Ark.

1991). This decision was, however, reversed while the
instant appeal was pending. See Grant County Savings & Loan

Assoc. v. Resolution Trust Corp., 968 F.2d 722 (8th Cir.

1992). While the reversal was premised on other grounds, the
Eighth Circuit, in dicta, expressed its doubt as to the

district court's conclusion that 1823(e) did not apply to
an unlawful omission. See id. at 724 (indicating that

defendant's argument that 1823(e) barred plaintiff's claim
for failure to disclose "ha[d] merit").

-4-
4

On appeal, plaintiffs assert that the overwhelming

prevailing consensus is incorrect. In essence, plaintiffs'

argue that an unlawful omission of the type at issue cannot

be viewed as a form of "agreement" to which 1823(e)

applies, as "there is nothing on the table to agree to; no

promise, condition, or warranty is made." See Grant County,

770 F. Supp. at 1381. Although possessing some surface

appeal, plaintiffs' contention fails when analyzed in light

of the theoretical foundation upon which Langley rests.4

The holding in Langley depends upon and flows from

the following observation: as a matter of contractual

analysis, a contractually bound party's attempt to avoid a

contractual obligation and/or to seek damages through a claim

of misrepresentation is nothing more than a challenge to the

truthfulness of a warranty made by another party to the

contract, and a concomitant claim that the truthfulness of

that warranty was a condition of the first party's

performance. See Langley, 484 U.S. at 90-91. In other

words, the claim is analogous to one for breach of warranty,

with the warranty being a condition precedent to performance.

Therefore, because such a warranty falls within the purview

4. Apparently conceding that our ruling as to whether
1823(e) applies to unlawful non-disclosures also resolves the
propriety of the district court's dismissal of their ch. 93A
claim, plaintiffs confine their argument to the
misrepresentation context. We believe that this approach is
appropriate, and accordingly so confine our discussion.

-5-
5

of the term "agreement,"5 this type of breach of warranty

claim cannot be asserted against the FDIC unless the warranty

meets the requirements of 1823(e). See id. at 91-92.

We can find no logical basis for this reasoning not

obtaining with equal force where the misrepresentation at

issue arises out of a non-disclosure of information. In

terms of the facts of this case, it makes no difference

whether BNE affirmatively stated that the project was not

subject to the NOR or tacitly indicated this was so by not

informing plaintiffs of the NOR. Either way, plaintiffs'

misrepresentation claim is tantamount to a challenge to the

truthfulness of BNE's warranty that the project was free of

any NOR, and a claim that the truthfulness of this warranty

was a condition of plaintiffs' performance. See Langley at

90-91. The non-disclosure at issue here can only be

actionable at common law as a misrepresentation if it falls

into a narrow range of circumstances allowing it, somewhat

fictionally, to be treated as an assertion. Cf. Restatement

(Second) of Contracts, 161 (listing those situations in

which a non-disclosure is "equivalent to an assertion" and

actionable as a misrepresentation); Restatement (Second) of

Torts, 551 (1977) (listing those situations in which a non-

5. As the Supreme Court noted, "[T]he term `agreement' often
has `a wider meaning than promise,' and embraces [a warranty,
the truthfulness of which is] a condition upon performance."
Id. at 91 (quoting Restatement (Second) of Contracts 3,

Comment a (1981)).

-6-
6

disclosure is actionable as tortious misrepresentation and

noting that a person against whom a successful non-disclosure

claim is brought will be "subject to the same liability . . .

as though [s/]he had represented the nonexistence of the

matter that [s/]he has failed to disclose"). Thus, adoption

of plaintiffs' view would require us to endorse this quasi-

fiction for purposes of viewing the non-disclosure as an

asserted misrepresentation, but to reject it for purposes of

viewing the non-disclosure as a de facto warranty in

conducting our 1823(e) analysis. We are not inclined

towards so one-sided an approach.

Not only does the conclusion that 1823(e) applies

to misrepresentations based upon non-disclosures follow

naturally from the Supreme Court's analysis in Langley, it

also comports with common sense. We join the Seventh and

Tenth Circuits in being unable to articulate any rational

basis for a regime in which such misrepresentations are

outside the scope of the statute while affirmative

misrepresentations are not. See generally State Bank of

Virden, 893 F.2d at 144; Bell, 892 F.2d at 66. Indeed, we

think it apparent that Congress could not have intended that

the statute be so construed. Moreover, we share Judge

Lamberth's view that "permitting suit on omissions would

practically swallow the Langley rule since parties can

generally turn a[n affirmative] misrepresentation into an

-7-
7

omission by means of artful pleading." In re NBW, 1992 WL

73135, at *11.

Before concluding, we observe that plaintiffs'

complaint does not make entirely clear whether the

misrepresentation claim sounds in contract or tort. Such

fact, however, has no bearing on our analysis. We previously

have held that the common law doctrine announced in D'Oench,

Duhme & Co. v. FDIC, 315 U.S. 447 (1942), of which 1823(e)

is somewhat loosely described as the codification, "bars

defenses and affirmative claims whether cloaked in terms of

contract or tort, as long as those claims arise out of an

alleged secret agreement." Timberland Design, Inc. v. First

Service Bank for Savings, 932 F.2d 46, 50 (1st Cir. 1991).6

In so doing, we remarked that "[t]o allow [a party] to assert

tort claims based on [a secret] agreement would circumvent

the very policy behind D'Oench[.]" Id. Clearly, the genesis

of plaintiffs' claim, whether the claim is framed in contract

or tort, is the alleged warranty made by BNE regarding the

NOR. As such, the claim is barred.

6. Obviously, in Timberland, we were considering the

application of D'Oench to contract and tort claims. We see

no reason, however, why our ruling in Timberland should not

also be implemented where 1823(e), D'Oench's statutory

partner, is being applied. See Castleglen, Inc. v.

Resolution Trust Corp., No. 90-4002, 1993 WL 27915, at *5-*6

(10th Cir. Feb. 9, 1993) (holding that 1823(e) precludes
tort claims, as well as contract claims, arising out of
unrecorded agreements).

-8-
8

In sum, we are persuaded to join that body of

authority which has concluded that 1823(e) applies as much

to misrepresentation claims based upon non-disclosures as to

those based upon affirmative assertions. Thus, we believe

that 1823(e) governs plaintiffs' misrepresentation claim.

Accordingly, because this claim arises out of an alleged

warranty that was unwritten and otherwise did not comply with

the requirements of the statute, we hold that the district

court properly ruled that the claim cannot, as a matter of

law, be asserted against the FDIC.

Affirmed. No costs.

-9-
9